IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| CHRIMAR SYSTEMS, INC., D/B/A CMS TECHNOLOGIES AND CHRIMAR HOLDING COMPANY,<br><br>Plaintiffs,<br>v.<br><br>AMX, LLC,<br><br>Defendant. | CIVIL ACTION NO. 6:15-CV-00164<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Chrimar Systems Inc. d/b/a CMS Technologies ("Chrimar") and Chrimar Holding Company, LLC ("Holding") file this Complaint against the above-named Defendant for infringement of United States Patent Nos. 8,155,012 ("the '012 Patent") and 8,942,107 ("the '107 Patent"), collectively the "Patents-in-Suit."

## THE PARTIES

1. Chrimar is a Michigan corporation with a place of business located at 36528 Grand River Avenue, Suite A-1, Farmington Hills, Michigan 48335.

2. Holding is a Texas limited liability company with a place of business located at 911 NW Loop 281, Suite 211-14, Longview, Texas 75605.

3. Chrimar and Holding are collectively referred to as "Plaintiffs" or "CMS."

4. AMX, LLC is a Delaware corporation with its principal place of business located at 3000 Research Drive, Richardson, Texas 75082. This Court has personal jurisdiction over AMX.

## JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, 35 U.S.C. § 101 *et seq.*

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).

8. This Court has personal jurisdiction over AMX because AMX has engaged in continuous and systematic activities in the state of Texas, including in this district. In addition, AMX has committed, and continues to commit acts of infringement in the state of Texas, including in this district.

## PATENTS-IN-SUIT

9. Chrimar is the owner and assignee of the '012 Patent, entitled "System and Method for Adapting a Piece of Terminal Equipment" and Holding is the exclusive licensee of the '012 Patent. CMS owns all substantial rights in the '012 Patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '012 Patent is attached as Exhibit A.

10. The '012 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

11. Chrimar is the owner and assignee of the '107 Patent, entitled "Piece of Ethernet Terminal Equipment" and Holding is the exclusive licensee of the '107 Patent. CMS has ownership of all substantial rights in the '107 Patent, including the right to exclude others

and to enforce, sue and recover damages for past and future infringement. A true and correct copy of the '107 Patent is attached as Exhibit B.

12. The '107 Patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

13. The '012 and the '107 Patents are collectively the Patents-in-Suit.

## AMX'S ACCUSED PRODUCTS

14. Upon information and belief, AMX makes, uses, offers to sell, sells, and/or imports powered devices ("PDs") that comply with IEEE 802.3af and/or 802.3at. Such products include, but are not limited to, touch panels (e.g., the Modero products), wireless access points (e.g., the NXA products), docking stations (e.g., the MVP products), wireless gateways (e.g., the ZigBee products), audio/video receivers (e.g., the DTV products), keypads (e.g., the Metreau and Novara products), content sharing devices (e.g., the Enzo products), entry communicators (e.g., the Metreau products), control pads (e.g., the Massio and Novara products), communications gateways (e.g., the NetLinx products), LAN control boxes (e.g., the EXB products), the multi-format transmitters/switches (e.g., the DXLink products), encoder/decoders (e.g., the MAX-CS products), phone controllers (e.g., the NXV-CPI products), and PoE extractors (e.g., the PS-PoE products), collectively the "Accused Products."

15. Upon information and belief, the Accused Products are offered for sale and sold throughout the United States, including within the Eastern District of Texas.

16. AMX has purposefully and voluntarily placed the Accused Products into the stream of commerce with the expectation that these products will be purchased and used by end users in the United States, including end users in the Eastern District of Texas.

17. AMX provides direct and indirect support concerning the Accused Products to end users, including end users within the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 8,155,012

18. CMS incorporates paragraphs 1 through 17 herein by reference.

19. AMX has and continues to directly infringe the '012 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products.

20. AMX has and continues to indirectly infringe the '012 Patent in violation of 35 U.S.C. § 271(b) by inducing its partners, customers, distributors, and/or end users to use, offer for sale, and sell the Accused Products, and therefore AMX induces others to directly infringe the '012 Patent.

21. End users that use the Accused Products directly infringe the '012 Patent.

22. AMX has been on notice of the '012 Patent since November of 2013.

23. AMX has not produced or relied upon an opinion of counsel suggesting that the '012 Patent is invalid or that the Accused Products do not infringe the '012 Patent.

24. CMS has been damaged as a result of AMX's infringing conduct described in this Count.

25. Unless enjoined by this Court, AMX will continue to infringe the '012 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 8,942,107

26. CMS incorporates paragraphs 1 through 25 herein by reference.

27. AMX has and continues to directly infringe the '107 Patent in violation of 35 U.S.C. § 271(a) by making, using, offering for sale, selling, and/or importing into the United States the Accused Products.

28. AMX has and continues to indirectly infringe the '107 Patent in violation of 35 U.S.C. § 271(b) by inducing its partners, customers, distributors, and/or end users to use, offer for sale, and sell the Accused Products, and therefore AMX induces others to directly infringe the '107 Patent.

29. End users that use the Accused Products directly infringe the '107 Patent.

30. AMX has been on notice of the '107 Patent since at least the filing date of this Complaint.

31. AMX has not produced or relied upon an opinion of counsel suggesting that the '107 Patent is invalid or that the Accused Products do not infringe the '107 Patent.

32. CMS has been damaged as a result of AMX's infringing conduct described in this Count.

33. Unless enjoined by this Court, AMX will continue to infringe the '107 Patent.

## ADDITIONAL ALLEGATIONS

34. CMS has complied with 35 U.S.C. § 287.

35. AMX's infringement of the '012 Patent has been willful.

36. AMX has been on notice of the '012 Patent since at least November of 2013, but has done nothing to curb its infringing conduct.

## JURY DEMAND

CMS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CMS requests that this Court find in its favor and against AMX, and that this Court grant CMS the following relief:

    a.    Enter judgment that AMX has infringed the '012 Patent;

    b.    Enter judgment that AMX has infringed the '107 Patent;

    c.    Enter judgment that AMX's infringement of the '012 Patent has been willful, and that AMX's continued infringement of the '012 Patent is willful;

    d.    Award Plaintiffs damages in an amount adequate to compensate Plaintiffs for AMX's infringement of the '012 and '107 Patents, but in no event less than a reasonable royalty in accordance with 35 U.S.C. § 284;

    e.    Award enhanced damages based on AMX's willful infringement of the '012 Patent;

    f.    Award Plaintiffs pre-judgment and post-judgment interest to the full extent allowed under the law, as well as their costs;

    g.    Declare that this is an exceptional case and award Plaintiffs their reasonable attorneys' fees incurred in this action;

    h.    Enjoin AMX and all others in active concert with AMX from further infringement of the '012 and '107 Patents; and

    i.    Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: March 6, 2015                    Respectfully submitted,

                                              */s/ Richard W. Hoffmann*
                                              Richard W. Hoffmann
                                                REISING ETHINGTON PC
                                                755 W. Big Beaver Road, Suite 1850
                                                Troy, Michigan 48084
                                                248-689-3500
                                                248-689-4071 (fax)
                                                hoffmann@reising.com

                                                Richard L. Wynne, Jr.
                                                  Texas State Bar No. 24003214
                                                  Richard.Wynne@tklaw.com
                                                Justin S. Cohen
                                                  Texas State Bar No. 24078356
                                                  Justin.Cohen@tklaw.com

                                                THOMPSON & KNIGHT LLP
                                                One Arts Plaza
                                                1722 Routh St., Suite 1500
                                                Dallas, Texas 75201
                                                214.969.1211
                                                214.880.1599 (Fax)

                                                ATTORNEYS FOR PLAINTIFFS
                                                CHRIMAR SYSTEMS, INC. D/B/A CMS
                                                TECHNOLOGIES and CHRIMAR HOLDING
                                                COMPANY, INC.